362 So.2d 1128 (1978)
PPG INDUSTRIES, INC.
v.
Jack R. SCHEGA, Jr., d/b/a Vieux Carre Candle Shop.
No. 8340.
Court of Appeal of Louisiana, Fourth Circuit.
August 28, 1978.
Rehearing Denied October 12, 1978.
Normann & Normann, Frank S. Normann, New Orleans, for plaintiff-appellant.
Thomas L. Giraud and Charles A. Verderame, New Orleans, for defendant-appellee.
Before LEMMON, BOUTALL and SCHOTT, JJ.
LEMMON, Judge.
This is a suit to collect the amount of a contract in which plaintiff agreed to furnish and install "LHR (Light and Heat Reflecting) Solargray Glass, ¼" thick, fully tempered for sliding door units, fixed frames and sliding windows" for defendant's residence, except that the windows were to be delivered assembled but not *1129 installed. Defendant admitted that he had not paid the contract price, but alleging plaintiff's contractual obligation had not been fulfilled in that the glass was defective, defendant prayed for dismissal of plaintiff's demand. After a trial on the merits judgment was rendered dismissing plaintiff's suit, and plaintiff appealed.
Defendant testified: While his home, with more than 50% of the exterior walls composed of glass, was in the planning stages, he contacted plaintiff's architectural representative, Bill Yohe, who convinced him to use this particular type of glass. The agent represented that fully tempered glass would provide strength and safety and that oxide coated glass would reflect heat and sunlight. The agent also provided samples of oxide coated glass, but warned that the perimeter of the glass after tempering would be distorted by tong marks from the tempering process. About two weeks after the glass was installed during construction of the home, defendant cleaned the dust and dirt and noticed that the oxide coating was unevenly distributed, which resulted in a rippling or banding appearance. When plaintiff's engineering representative investigated and told defendant this banding or rippling effect commonly occurred in this product and that replacement glass would probably have the same appearance, defendant refused to pay for the glass. Defendant further asserted that if he had known the glass was going to have that appearance (which did not appear on the sample), he would not have purchased it.
The evidence was in conflict as to whether defendant was warned that rippling and distortion often occur in this type of glass and whether the glass in fact had a distorted appearance which constitutes a substantial defect. The trial judge apparently resolved this conflict by rendering judgment in favor of defendant. This resolution is supported by defendant's testimony of no warning and by the testimony of three building contractors, who stated they observed a defect in the glass and would have rejected the product as defective.[1]
Plaintiff argues, alternatively, that defendant is essentially using redhibition as a defense and that if the glass was proved defective, the court should have ordered the return of the glass or a reduction in the purchase price.
The contract in this case, which involves fabrication of glass doors, glass walls, and glass windows and installation of the glass doors and glass walls, was a construction contract rather than one of sale. Installation was more than a trifling part of the agreement. Jefferson Parish School Bd. v. Rowley Co., 350 So.2d 187 (La.App. 4th Cir. 1977). Furthermore, the contract required fabrication in accordance with defendant's construction plans and specifications, and the fabricated units constituted approximately one-half of the exterior wall. See, generally, Litvinoff, 7 Louisiana Civil Law TreatiseObligations, § 158 (1975).
Plaintiff's failure to perform the construction contract in accordance with the plans and specifications gives rise to no obligation on defendant's part to pay for performance as promised, and plaintiff's demand for payment was properly dismissed.[2]
There was no demand for the return of the items, and consequently there was no evidence relating to defendant's damages caused by plaintiff's improper performance of the contract. Since we cannot adjudicate on this record all of the rights of the parties relative to the improper performance, we limit our decision in this case to *1130 plaintiff's sole demand for payment of the contract price.
The judgment is affirmed.
AFFIRMED.
LEMMON, Judge, concurs in the denial of application for rehearing and assigns reasons.
On application for rehearing plaintiff contends that once it proved substantial performance of the construction contract, the burden was on defendant, in order to obtain a reduction in the contract price, to proceed with evidence that some of the work was incomplete or defective and to establish the cost of completion or of repairing the defect.
Plaintiff's premise is incorrect in that this is not a case of substantial performance. When there has been substantial performance of a construction contract, the owner has received substantially everything he has bargained for and must pay the contract price, minus the amount necessary to remedy unfinished or defective work. In the present case the owner has not received substantially what he bargained for, and plaintiff is not entitled to collect anything on the contract.
Plaintiff alternatively argues that if substantial completion was not proved, it is entitled to recovery based on unjust enrichment pursuant to C.C. art. 1965. This record contains no proof upon which such an award can be made, and our judgment was limited to the sole demand of payment of the contract price.
NOTES
[1] The contractors had all used tempered or oxide coated glass and had never experienced this problem. They variously described the appearance as being "as though it was sprayed on in patches across the glass", "irregular application", "shadows, ripples, uneven", and "distorted and hazy".
[2] Plaintiff's second alternative argument is that defendant should at least be condemned to pay for the aluminum frames for the doors and windows and the cost of their installation, since the only complaint was the quality of the glass. There is no showing that these items can be used separately or would have been contracted for separately from the glass, and we therefore reject this argument.