PONDER, Judge.
This is a dental malpractice suit. The district court rendered judgment in the patient’s favor and defendant suspensively appealed. We affirm.
Defendant-appellant assigns as errors by the trial court its
(1) finding that Dr. Rome’s care did not measure up to the standard of care usually possessed and exercised by dentists in the same community;
(2) failing to apply the law of redhibition, thus depriving defendant the opportunity to repair the bridgework manufactured by another and bought by him for resale; and
(3) refusing to grant a new trial because defendant discovered during the trial that the bridgework had been altered or tampered with after he installed it.
Sara C. Martin employed Earl J. Rome, Jr., D.D.S., to replace a nine unit permanent upper bridge another dentist had installed because she deemed it unsightly and unacceptable. Defendant took the necessary impressions and had a third person fabricate the bridgework which was installed on November 7, 1979. She was scheduled to return to Dr. Rome December 19, 1979 but a trip she made to Texas necessitated rescheduling for January 2, 1980.
When Dr. Rome saw Ms. Martin on January 2, 1980, she demanded that he correct the unevenness of fit and unsightliness of the bridgework or, in the alternative, he refund the $1,155.00 she paid before the bridgework was done. He refused saying nothing needed to be corrected and in time she would become adjusted to the fit and the appearance. At a Peer Review Committee hearing, seven dentists who examined Ms. Martin’s bridgework and mouth concluded several corrections were needed and referred her back to Dr. Rome to make those corrections. She refused to allow him to do any work, and, instead, had another dentist remove the bridgework without attempting any corrections because the new dentist agreed that they could not be done.
Two dentists testified in plaintiff’s behalf that the bridgework was badly done and could not be corrected; therefore, removal was required. Both also testified the faultily constructed and installed bridgework was the cause of the gum disease and irritation which Ms. Martin experienced.
Dr. Rome testified as his own expert witness in defending the quality of his work and in support of his opinion that Ms. Martin had not given sufficient time to adjust to the fit and appearance of the bridgework.
STANDARD OF CARE
Appellant argues that: “The community standard of care exercised by his fellow dentists called for the allowance for modifications to the bridge after its initial installation, but Dr. Rome was not given the opportunity to make the needed changes. Dr. Rome was only able to partially fulfill his responsibilities to Ms. Martin because she refused to allow him to make the requisite modifications.”
Dr. Rome offered only his own testimony to establish the prevailing standard of care in dentistry in the Baton Rouge area. Ms. Martin’s expert witnesses, two general den *215 tists practicing in Baton Rouge, testified that the bridgework and aftercare did not measure up to prevailing standards of dental care in the Baton Rouge area and that the bridgework was not correctible.
The record as a whole supports the decision of the trial court; because the trial court’s findings are not clearly wrong, those findings of fact and conclusions of law based thereon should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Sanchez v. Viccinelli Sheet Metal & Roofing, 473 So.2d 335 (La.App. 1st Cir.), cert. denied, 477 So.2d 1124 (La.1985).
REDHIBITION
Appellant argues that the district court’s failure to apply the codal law and jurisprudence on redhibition was error because the bridgework was manufactured by a third person and sold to him for resale to Ms. Martin. The bridge was constructed by using the “impressions” which Dr. Rome had taken at his office as a necessary first step in doing the bridgework he agreed to perform. Dr. Rome did not third party the maker of the bridge and Ms. Martin did not name him as a joint tortfeasor.
To determine the applicability of the law of redhibition to the facts of the instant case, we must first determine whether the bridgework, including necessary preparation prior to installation and required follow-up care, was a sale or a “contract to do.” The law of redhibition would apply if the contractual arrangement between Ms. Martin and Dr. Rome was a sale but would not apply if it was a “contract to do.” Litvinoff, 7 Louisiana Civil Law Treatise—Obligations, Book 2, § 158 (1975); PPG Industries, Inc. v. Schega, 362 So.2d 1128 (La.App. 4th Cir.1978).
In PPG Industries, supra, plaintiff contracted to furnish and install sliding door units and windows having specified characteristics; the windows were to be delivered assembled but not installed; after the windows and doors were installed defendant discovered they did not have the characteristics they were represented to possess and resisted PPG’s efforts to collect the agreed upon price on the basis that the contractual obligation of PPG had not been fulfilled. The court of appeal, in affirming the district court judgment in defendant-homeowner’s favor, observed that:
The contract in this case, which involves fabrication of glass doors, glass walls, and glass windows and installation of the glass doors and glass walls, was a construction contract rather than one of sale. Installation was more than a trifling part of the agreement. ... Furthermore, the contract required fabrication in accordance with defendant’s construction plans and specifications, and the fabricated units constituted approximately one-half of the exterior wall.
Plaintiff’s failure to perform the construction contract in accordance with the plans and specifications give rise to no obligation on defendant’s part to pay for the performance as promised, and plaintiff’s demand for payment was properly dismissed.
362 So.2d at 1129.
Plaintiff’s urging the applicability of red-hibition law was rejected because the contract was not a sale.
In Baker v. Scott, 447 So.2d 529 (La.App. 2d Cir.1984), a dentist fitted the patient with crowns and bridgework three weeks after doing the preliminary work. The court of appeal adopted the trial court’s reasons for judgment which, inter alia, stated that plaintiff in reconvention, Mrs. Scott, “is entitled to damages for pain and suffering and for loss of teeth, and for deterioration of the condition of her mouth due to the work performed by Dr. Baker,” which work produced an ill-fitting bridge with resulting peridontal disease.
Ms. Martin’s bridge was custom made to specifications submitted by Dr. Rome based on impressions he made of Ms. Martin’s gums plus his overall evaluation of the remaining teeth and Ms. Martin’s stated wishes concerning the desired appearance. We do not find the revenue cases cited by appellant to be dispositive of *216 the issue of redhibition. The circumstances of this case, including the fact that the major portion of Dr. Rome’s compensation was for personal services do not support an application of redhibition. The second assignment of error is without merit.
REQUEST FOR NEW TRIAL
Dr. Rome assigns as error the trial court’s refusal to grant a new trial based on defendant’s discovering “at the trial ... that the dental bridge introduced into evidence was adjusted or tampered with after the meeting of the Peer Review Committee.” Contending that “Since Mrs. Martin had the bridge in her mouth until shortly before trial and the alerations (sic) were not visible from the front of the bridge the alterations were not discoverable by defendant” by exercising due diligence before the trial.
Ms. Martin argues that: “The excuse given by defendant that he could not have discovered the alleged ‘tampering’ of the bridge because it was not available to him was unsupportable in fact. Defendant had ample opportunity to examine Mrs. Martin’s mouth. He chose not to do so_ The bridge was cemented in ... in November of 1979 and not removed until several months prior to trial in 1984. After removal it was in the continuous possession of Dr. Atkins.”
If defendant had exercised due diligence he could have had the bridge examined by his experts at any time up to the first day of trial, on June 4, 1984 when plaintiff’s supplemental pre-trial order designating “the bridge made by Earl J. Rome, Jr.” was filed, or between June 4, 1984 and the second and final day of trial, on June 22,1984. This assignment of error is without merit.
For the foregoing reasons, the judgment of the district court is affirmed. Defendant-appellant is cast for costs of this appeal.
AFFIRMED.
LANIER, J., agrees with the majority opinion and assigns additional reasons.